# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| KYRA R. WOOD, | : | |
|---|---|---|
| Plaintiff, | : | Case No. 3:09cv0365 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| MICHELL MACIOROWSKI, | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

This action is before the Court for review prior to issuance of process. Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. 28 U.S.C. §1915(e)(2) as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA") provides in part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim upon which relief can be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). In deciding whether a complaint is "frivolous," the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong. Rather the test is an objective one: does the complaint have an arguable basis in law or fact? It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F. 3d 601 (6th Cir. 1997).

In enacting the original IFP statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)(quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress authorized the United States District Courts to dismiss an IFP Complaint if they are satisfied that the action is frivolous or fails to state a claim. *Denton*, 504 U.S. at 31; *see* 28 U.S.C. §1915(e)(2)(B)(i).

Viewing the Complaint through lens of §1915(e)(2)(B)(i), the Court asks whether the Complaint raises a claim with a rational or arguable basis in fact or law; if not, it is

frivolous or malicious and subject to dismissal. *See Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *see Lawler,* 898 F.2d at 1199.

In her Complaint, Plaintiff alleges that Magistrate Maciorowski of the Common Pleas Court of Montgomery County, Juvenile Division, "... made a decision in court that was based on my mental health by law it was a violation of my rights discrimination and slanderous for any decision to be made about my mental health without first being evaluated by a doctor." (Doc. # 1, Complaint). Plaintiff seeks to recover 7 to 20 million dollars for "... the discrimination and slander and mental anguish and lost time from my child" due to Magistrate Maciorowski's handling of Plaintiff's child custody case. Judicial officers such as Magistrate Maciorowski are absolutely immune from civil suits for money damages. *Mireles v. Waco,* 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F,3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. Because Magistrate Maciorowski is absolutely immune from money damages for statements made and decisions rendered in Court proceedings, Plaintiff's Complaint fails to state a claim upon which relief may be granted. Accordingly, Plaintiff's Complaint should be

dismissed with prejudice. The Clerk is ordered not to issue process in this case without further order of the Court.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Complaint be **DISMISSED** with prejudice; and

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore should deny leave to appeal *in forma pauperis*.

September 24, 2009

                                                              s/Sharon L. Ovington
                                                                Sharon L. Ovington
                                                        United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).